# United States Court of Appeals
## For the First Circuit

No. 25-1160

ANDREA BECKWITH; EAST COAST SCHOOL OF SAFETY; NANCY COSHOW; JAMES WHITE; J. WHITE GUNSMITHING; ADAM HENDSBEE; THOMAS COLE; TLC GUNSMITHING AND ARMORY; A&G SHOOTING,

Plaintiffs - Appellees,

v.

AARON M. FREY, in their personal capacity and in their official capacity as Attorney General of Maine,

Defendant - Appellant.

Before

Montecalvo, Rikelman and Aframe,
Circuit Judges.

**ORDER OF COURT**

Entered: April 10, 2025

      Defendant-appellant Aaron Frey, the Attorney General of Maine, has filed a motion to stay pending appeal a preliminary injunction that bars enforcement of a Maine statute that imposes a 72-hour waiting period for certain sales of firearms. See 25 M.R.S. § 2016. In granting a preliminary injunction and denying a stay, the district court found that plaintiffs, a group of Maine citizens and business owners, including federally-licensed firearm dealers, were likely to succeed on the merits of their Second Amendment challenge to the statute. The Attorney General argues that the district court erred in applying the standard set forth in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), and maintains that allowing the injunction to remain in effect pending appeal will result in irreparable injury to the State's interest in enforcing a duly enacted law, and also may result in loss of life that could be avoided if the law were enforced. Plaintiff-appellees oppose, arguing that the district court was correct in concluding that the waiting period law is likely unconstitutional, and they maintain that allowing the law to be enforced pending appeal would result in the irremediable deprivation of their Second Amendment rights as well as economic loss to the plaintiffs who are gun dealers.

"In ruling on a motion for a stay pending appeal, we consider '(1) [w]hether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether [the] issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies.'" Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo, 18 F.4th 38, 42 (1st Cir. 2021) (quoting Common Cause R.I. v. Gorbea, 970 F.3d 11, 14 (1st Cir. 2020)) (alterations in original). In the usual case, the "sine qua non of [the] four-part inquiry is likelihood of success on the merits[.]" New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002). Moreover, "[a] stay 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" Does 1-3 v. Mills, 39 F.4th 20, 25 (1st Cir. 2022) (quoting Nken v. Holder, 556 U.S. 418, 427 (2009)).

Determining the likelihood of the Attorney General's success in this appeal requires us to determine the likelihood that the district court itself erred in issuing a preliminary injunction. Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207, 18 F.4th at 42-43. "We review the denial of a motion for preliminary injunctive relief for abuse of discretion, and we will 'reverse the denial only if the district court mistook the law, clearly erred in its factual assessments, or otherwise abused its discretion.'" González-Droz v. González-Colon, 573 F.3d 75, 79 (1st Cir. 2009) (quoting McClure v. Galvin, 386 F.3d 36, 41 (1st Cir. 2004)) (citation and alteration omitted).

Because the case presents questions of first impression in an emerging area of constitutional law involving a legal standard that is difficult to apply and subject to varying interpretations, we are not persuaded that the Attorney General has made a "strong showing" that he is likely to succeed in demonstrating that the district court abused its discretion in granting preliminary injunctive relief, and the case does not present unusual circumstances involving a "particularly severe and disproportionate" harm to one side, Cintron-Garcia v. Barcelo, 671 F.2d 1, 4 n.2 (1st Cir. 1982); cf. Providence J. Co. v. Fed. Bureau of Investigation, 595 F.2d 889, 890 (1st Cir. 1979). Moreover, the Attorney General's failure to seek expedited review of the stay motion or the appeal undercuts any claim that immediate relief from the injunction is required to prevent irreparable harm. Accordingly, we deny the request for a stay and reserve consideration of merits to the panel hearing the appeal.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Paul D Clement, Joshua A. Tardy, Erin E. Murphy, Matthew D. Rowen, Kevin Joseph Wynosky, Christopher C. Taub, Thomas A. Knowlton, Paul Suitter, Douglas Neal Letter, Julia Brennan MacDonald