AARON M. FREY
ATTORNEY GENERAL

TEL: (207) 626-8800
TTY USERS CALL MAINE RELAY 711



STATE OF MAINE
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA, MAINE 04333-0006

REGIONAL OFFICES
84 HARLOW ST. 2ND FLOOR
BANGOR, MAINE 04401
TEL: (20) 941-3070
FAX: (207) 941-3075

415 CONGRESS ST., STE. 301
PORTLAND, MAINE 04101
TEL: (207) 822-0260
FAX: (207) 822-0259

14 ACCESS HIGHWAY, STE. 1
CARIBOU, MAINE 04736
TEL: (207) 496-3792
FAX: (207) 496-3291

August 25, 2025

**Via ECF Filing**

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

RE:    *Andrea Beckwith, et al. v. Frey*
       Appeal No. 25-1160
       Response to Appellees' Notice of Supplemental Authority (Aug. 20, 2025)

Dear Ms. Dubrovsky:

At issue in the Tenth Circuit panel's split decision in *Ortega v. Grisham,* No. 24-2121, 2025 WL 2394646 (10th Cir. Aug. 19, 2025), was a law imposing a seven-day waiting period on most consumer firearm purchases.

As the dissent correctly noted, the majority's decision that the law implicated the plain text of the Second Amendment is not only wrong, but also directly conflicts with a prior Tenth Circuit decision – *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96 (10th Cir. 2024). At issue there was a law prohibiting sales of firearms to persons under the age of 21. While the court held that 18- to 20-year-olds are among the "people" protected by the Second Amendment, the law was one "imposing conditions and qualifications on the sale and purchase of arms" and thus "d[id] not implicate the plain text of the Second Amendment." *Id*. at 120. If a complete ban on firearm sales (or, to look at it another way, a three-year waiting period for an 18-year-old) does not implicate the Second Amendment because it is a "condition or

qualification" on the sale of firearms, then a seven-day (or, in Maine's case, a three-day) delay on sales should not be treated any differently.[1]

The majority also erred in applying the second step of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). As Attorney General Frey discussed in his brief, the historical laws need not be "twins" of the law at issue, but merely "analogous." Brief, 23-24. Given the dramatic social and technological changes since our Nation's founding, licensing and intoxication laws are sufficiently analogous to Maine's waiting period law. *Id*. at 24-35.

Very truly yours,

/s/ Christopher C. Taub
Christopher C. Taub
Chief Deputy Attorney General

Word count: 349

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2025, I filed the above document electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record who are registered CM/ECF users.

/s/ Christopher C. Taub

---

[1] The majority concluded that a waiting period "is not a condition because it cannot be met by any action, and it is not a qualification because it is universally applicable." *Id*. at *9. As the dissent explained, though, an age restriction "cannot be met by action" either (other than waiting to become older) and is universally applicable to people under the age of 21 (regardless of their individual circumstances). *Id*. at *19.